UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                     :

ROGER DAVIS,                          :

                                     :

          Plaintiff,                 :

                                     :       ORDER

                 – against –         :       10-CV-5691 (JFB) (ARL)

                                     :

SURROGATES COURT OF THE STATE OF  :
NEW YORK, et. al.,                   :

                                   :

          Defendants.            :

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

     *Pro se* plaintiff Roger Davis ("plaintiff") filed the complaint in this case on December 8,

2010. Accompanying plaintiff's complaint is an application to proceed *in forma pauperis*. The

Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and,

for the reasons discussed below, orders that plaintiff submit a written letter to the Court by

February 22, 2011 explaining why the complaint should not be dismissed *sua sponte* for lack of

jurisdiction because plaintiff cannot challenge state probate proceedings in federal court.

## BACKGROUND

     Plaintiff brings this claim under 42 U.S.C. § 1983, asserting that the defendants acted under

the color of law to deprive him of his constitutional rights. Essentially, plaintiff challenges the

decision of the Surrogates Court, County of Nassau, to "deny probating the will of Martin Davis .

. . which names Roger Davis, [as] the sole beneficiary and remaining executor of the 'Davis'

estate." (Compl. ¶ 21.)

## STANDARD OF REVIEW

28 U.S.C. § 1915(e) requires a district court to dismiss *sua sponte* a complaint filed *in forma pauperis* if the complaint is, *inter alia*, "frivolous" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); *see Licari v. Voog*, No. 08-4920-pr, 2010 WL 1647456, at *1 (2d Cir. Apr. 26, 2010) (summary order) (affirming district court's *sua sponte* dismissal of § 1983 claim against the plaintiff's criminal defense attorney on the grounds that the attorney was not a state actor).

"An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Olushina v. Gonzalez*, No. 06-CV-4030 (JG), 2006 WL 2927158, at *2 (E.D.N.Y. Oct. 11, 2006) (dismissing *sua sponte* § 1983 claim against defense attorney for lack of state action) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

## DISCUSSION

The court has reviewed *pro se* plaintiff's complaint filed on December 8, 2010. It is clear that the complaint challenges the decision of the Surrogates Court, County of Nassau, to "deny probating the will of Martin Davis . . . which names Roger Davis, [as] the sole beneficiary and remaining executor of the 'Davis' estate. All of this [was] perpetrated in order to control and keep him at bay while at the same time allowing [Teresa] Padilla the right to act as the temporary administratrix" of the estate. (Compl. ¶ 21.) It is well settled that challenges to probate proceedings can be dismissed *sua sponte* by the district court. *See, e.g., Madden v. Thorburn,*

No. 89-1046, 1989 WL 140204, at *1 (6th Cir. Nov. 21, 1989) ("It is well settled that federal district courts lack subject matter jurisdiction over probate matters," upholding the district court's *sua sponte* dismissal of plaintiff's complaint, which challenged the appointment of a guardian ad litem. (citing *Bedo v. McGuire*, 767 F.2d 305, 306 (6th Cir. 1985) ("It is well settled that federal courts have no probate jurisdiction."))); *Whitaker v. Alameda Superior Ct.*, No. C 08-1618 PJH, 2008 WL 3383308, at *3 (N.D. Cal. Aug. 8, 2008) ("It is well-established that a district court has the authority to dismiss an action sua sponte for lack of jurisdiction," concluding that the action was barred by the *Rooker-Feldman* doctrine because "[d]istrict courts do not have jurisdiction over challenges to a state court's decision in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional.").

In light of this well-settled authority, IT IS HEREBY ORDERED that plaintiff shall submit a written letter to the Court by February 22, 2011 explaining why this action should not be dismissed *sua sponte* for lack of jurisdiction.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:       February 9, 2011
              Central Islip, New York